■ George E. Couch, Jr., et al. Appellants, v Kevin G. Langan et al., Respondents. — Appeal from a judgment of the Supreme Court, entered December 21, 1982 in Albany County, upon a decision of the court at Trial Term (Cobb, J.), without a jury. Plaintiffs George E. Couch, Jr., and Joseph G. Rosetti entered into a partnership agreement with defendant Kevin G. Langan to form Langroco Investment Company. The purpose of the partnership was to own, hold, develop, rent, lease and otherwise deal with real property known as 727 New Loudon Road in the Town of Colonie, Albany County. Partnership profits were to be distributed as follows: 80% to Langan, who had exercised a personal option to purchase the realty for the benefit of the partnership prior to the formation of the firm and who contributed $1,000 as initial capital; and 10% each to plaintiffs, who did not contribute any capital. Defendant Langan was made managing partner. Plaintiffs, claiming that defendant Langan had wrongfully taken partnership assets and profits and otherwise neglected and mismanaged partnership affairs, commenced an action for dissolution. They requested that a receiver be appointed, assets be distributed after partnership debts were paid, and Langan be assessed damages for breach of the partnership agreement. After a trial without a jury, the court held, *inter alia,* that dissolution was warranted, but declared defendant Langan to be the sole owner of the partnership assets and allowed him to continue to operate the business as a sole proprietorship. The court also concluded that plaintiffs were not entitled to payment of their respective partnership shares. The partnership agreement provided for distribution of assets in three distinct situations: death, dissolution and withdrawal. Plaintiffs commenced this action for dissolution by judicial decree which, pursuant to the clear meaning of the statute, would change the relation of the partners to a limited existence which would eventually terminate the partnership after a winding-up period to make good any outstanding commitments, take and settle accounts, collect partnership property and the means and assets of the partnership, and generally protect the interest of all those interested (Partnership Law, § 60; 16 NY Jur 2d, Business Relationships, § 1467, p 161). Here, while the trial court correctly decided that dissolution was proper, it erred in applying paragraph 11 of the partnership agreement relating to withdrawal of a partner and treated plaintiffs' request for relief as a buy-out, rather than a dissolution and eventual termination of the business of the partnership together with a distribution of assets. Clearly, after cause for dissolution was established, the complaint and supportive proof at trial invoked paragraph 10 of the partnership agreement, which states in relevant part that, in the event of dissolution of the partnership, the assets shall be applied and distributed in accordance with the percentages set forth in paragraph 5 of the agreement. Paragraph 5 calls for the division of profits and losses at a rate of 80% to defendant Langan and 10% for each plaintiff. We reject defendant Langan's contention that "dissolution" is susceptible to more than one interpretation in paragraph 10 of the agreement and that the trial court, with the aid of parol evidence, was correct in holding that the word "dissolution" as used in paragraph 10 meant "withdrawal". Where, as here, a contract is clear, circumstances extrinsic to the document may not be considered. The instant partnership agreement employed the term "dissolution" in conjunction with liquidation and termination.

This is consistent with the meaning ascribed to the term in article 6 of the Partnership Law. New York considers dissolution a step toward eventual termination, which is achieved after a winding-up of partnership affairs is completed (Partnership Law, § 61). Here, since neither of plaintiffs envisioned withdrawal from the partnership by sale of their respective interests, paragraph 10 rather than paragraph 11 was the appropriate part of the agreement that should have guided the trial court. Judgment modified, on the law, by reversing so much thereof as declared defendant Langan to be the sole owner of partnership assets and permits defendant Langan to continue to operate the partnership business as a sole proprietorship; matter remitted for the appointment of a receiver to supervise the winding-up of partnership business; and, as so modified, affirmed, with costs to plaintiffs. Mahoney, P. J., Casey, Yesawich, Jr., and Levine, JJ., concur.